[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A. BACKGROUND
This is a dissolution of marriage action brought by the plaintiff husband on the grounds of irretrievable breakdown; the defendant filed a By Way of Cross Complaint containing the same allegations as the complaint.
The court has reviewed the evidence produced at trial and the post trial briefs, and has evaluated the credibility of the witnesses. The court has further considered all the statutory criteria specified in Section 46b-81 and 82 of the Connecticut General Statutes.
B. FACTUAL FINDINGS
The court finds the following facts:
1. The parties were married on November 10, 1990 in Marlborough, Connecticut.
2. The marriage has broken down irretrievably. CT Page 13396
3. The plaintiff is thirty-nine years old and the defendant is thirty-seven years old.
4. The plaintiff is a graduate of the University of Hartford; the defendant has two years of college plus paralegal training, but is unable to work outside the home because she has multiple sclerosis, which was diagnosed prior to the marriage, and is worse now. She is receiving full disability payment from Social Security in the amount of approximately $250 per week.
5. The plaintiff is employed full time as a screw machine operator at his father's company, the Eddy Corp. His earning capacity there is approximately $40,000 a year gross. He also works at his own business, DBE Enterprises, and grosses varying amounts, depending on the weather, from that business. He has not proved how much his annual expenses are in this business, although he claims that he nets little or nothing.
6. Neither party has proved that they regularly pay rent to the plaintiff's father and the defendant's parents respectively.
7. The marital home, which is occupied by the plaintiff, has a fair market value of $200,000 and is encumbered by two mortgages totaling approximately $95,000.00, leaving an equity of $105,000. The plaintiff receives about $600.00 a month rent from his housemate.
8. Shortly before trial, in flagrant contravention of the standing orders of this court, the plaintiff closed out his IRA account in the amount of $16,991, which was reduced somewhat by an early withdrawal penalty.
9. The plaintiff contributed about $50,000 and the defendant about $10,000 in premarital funds toward the purchase of their home.
10. The defendant has some regular medical insurance and is on Medicare. She has a monthly prescription cost of $985.00 for a drug called Avonex, which she needs because of her multiple sclerosis. She is now covered under a special program that reduces the cost to her of the Avonex to $18.69 a week. This program is available on a year to year basis and will next expire in December 2001. It is not certain if this program will be available in 2002 and future years.
C. CONCLUSIONS AND JUDGMENT OF THE COURT
1. The marriage has broken down irretrievably; a decree dissolving it may enter. CT Page 13397
2. The defendant's maiden name of Karen Kneeland is restored.
3. The court orders the plaintiff to pay the defendant $60,000.00 on or before December 1, 2001, in exchange for a quit-claim deed, or, in the alternative, the house is to be listed for sale and the net proceeds divided 55% to the defendant and 45% to the plaintiff. All current mortgages shall be deducted before determining the net proceeds. In making this order the court has considered both the respective contributions of the parties to the purchase of the house, and the fact that the plaintiff closed out his IRA, as well as other statutory criteria. The court is specifically not giving the plaintiff full credit for the difference in down payment contributions because this is an eleven year marriage. The plaintiff shall be responsible for all expenses related to the marital home, and must indemnify and hold harmless the defendant for any such payments she makes.
4. The defendant is awarded periodic alimony in the amount of $240.00 per week until she reaches the age of 62, after which time she shall receive 50% of that amount. Alimony payments shall cease upon the earliest of the defendant's death, remarriage or cohabitation.
5. The plaintiff is ordered to provide COBRA coverage for the defendant if it is available through his employment, for 36 months at no cost to the defendant. He is also ordered to pay 3/4 of all the defendant's unreimbursed medical, dental, psychiatric, etc. expenses, including the defendant's Avonex therapy and future prescriptive therapies. The defendant shall maintain her current medical insurance for which she pays $176.97 a month, except for any time she is covered under COBRA.
6. The parties shall each retain all the assets and be responsible for all the liabilities shown on their most recent financial affidavits, and shall indemnify and hold the other harmless thereon.
7. Each party shall be solely responsible for their attorney's fee.
8. All personal property shall remain with the party now in possession.
Walsh, J.